Michael B. Marion, AZ Bar No. 035627
Matthew L. Bycer, AZ Bar No. 025391
**BYCER & MARION**
7220 N. 16th St., Suite H
Phoenix, AZ 85020
Tel: (602) 944-2277
michael@bycermarion.com
matt@bycermarion.com
*Attorneys for Defendant Temco Industrial, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mira Holdings, Inc., a Minnesota Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Temco Industrial, LLC,<br><br>Defendant. | Case No. 2:26-cv-03430-MTL<br><br>**DEFENDANT TEMCO INDUSTRIAL, LLC'S MOTION TO DISMISS COUNTS II–V AND TO STRIKE IMPROPER THEORIES AND REMEDIES IN COUNT I**<br><br>(Assigned to the Hon. Michael T. Liburdi) |

Defendant Temco Industrial, LLC ("Temco") moves, pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, for an order dismissing Counts II through V, dismissing or striking the improper theories asserted in Count I, and striking unsupported remedies pleaded. Pursuant to LRCiv 12.1(c), Temco certifies that its counsel met and conferred with Plaintiff's counsel by phone on August 31, 2026, regarding the issues that it asserts in this motion and was unable to reach agreement on any amendments that would cure the deficiencies in Plaintiff's Complaint.

Plaintiff Mira Holdings, Inc. ("Mira") is a professional domain-name investor that had implemented a scheme to extract a sum well beyond the domain's fair-market value from Temco, the owner of the registered TEMCO marks. Temco initiated a proceeding under the Uniform Domain-Name Dispute-Resolution Policy ("UDRP") where Mira defended it and lost, with the WIPO panel ordering temco.com transferred. Mira now asks this Court to undo that result through five overlapping counts and a demand for $110,000 in compensatory damages, plus punitive damages, statutory damages, and fees. Only one theory in the Complaint is cognizable on the facts Mira actually pleads: a former registrant's narrow claim under 15 U.S.C. § 1114(2)(D)(v) for a declaration that its registration or use of the domain was "not unlawful" with possible injunctive relief.  Everything else should be dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mira is a Minnesota corporation "in the business of registering domain names and using them for email addresses or sale or lease" that holds "over 1,000 domain names." (Dkt. 1 "Compl." ¶¶ 4, 10.) It "started investing in domain names about 12 years ago." (*Id.* ¶ 11.) On March 18, 2022, Mira alleges it acquired temco.com at an auction for $12,540 and has "parked" it on a GoDaddy "For Sale" page. (*Id.* ¶ 9.)

Temco is a Texas manufacturer and distributor of industrial tools that owns registered TEMCO and TEMCO INDUSTRIAL marks. (*Id.* ¶¶ 5, 12; Ex. A.) Mira researched companies that used the mark "Temco" before purchasing temco.com. In a November 4, 2024,

communication, "the seller" of temco.com was holding the name for the "right end user" and identifying *inter alia* Temco as such "end user." (Compl. Ex. A at 8-9.)

In 2025, Temco initiated a UDRP proceeding against Mira before the World Intellectual Property Organization ("WIPO") to recover temco.com. (Compl. ¶ 17.) The panel found all three UDRP elements satisfied. It held that temco.com is identical or confusingly similar to Temco's registered TEMCO marks, which reproduce the dominant or entire mark without the disclaimed word "industrial." (Compl. Ex. A at 6.) It further found that Mira lacked rights or legitimate interests in the domain: Mira owns no TEMCO trademark, was never authorized to use the mark or been commonly known as "Temco," and did not use the domain for a noncommercial or fair-use purpose. (*Id.* at 6–7.) Finally, the panel found that Mira registered and used temco.com in bad faith by acquiring it "primarily for the purpose of selling, renting, or otherwise transferring it to" a TEMCO mark owner. (*Id.* at 8–9.) Concluding that Mira had acquired the domain primarily to resell it to Temco or a competitor for a sum exceeding its out-of-pocket costs, the panel ordered temco.com transferred to Temco and rejected Mira's reverse-domain-name-hijacking allegation. (*Id.* at 9–10.)

On January 20, 2026, Mira filed an action under the ACPA and the Lanham Act to block the transfer of temco.com to Temco. *Mira Holdings, Inc. v. Temco Industrial, LLC*, No. 2:26-cv-00362-JJT, Dkt. 1 (D. Ariz.). Three months later this first action was dismissed after Mira failed to serve Temco. *Mira Holdings, Inc. v. Temco Industrial, LLC*, No. 2:26-cv-00362-JJT, Dkts. 9-10. After dismissal of the first action, temco.com was transferred to Temco. (*See Compl.* ¶¶ 24-25.) Mira now brings this second action, with nearly identical facts to the first case, but with three additional causes of action under Arizona law. This Complaint includes: declaratory relief under §§ 1114(D2)(D)(v) and 1125(a) (Count I); "reverse domain name hijacking" under §§ 1114(2)(D)(iv)–(v) and 1125(d) (Count II); unjust enrichment (Count III); conversion (Count IV); and trespass to chattel (Count V).

Mira's current complaint is factually threadbare, conclusory, and contains self-defeating allegations. It asserts that its use was "a fair or otherwise lawful use," that it did not act in "Bad

Faith," that it had no "intent to divert consumers," and that it never "specifically offered to sell the domain name to Defendant." (Compl. ¶¶ 21–23, 27, 29, 31.) However, there are no such factual allegations in the Complaint, as the Complaint identifies no statement Temco made to WIPO, GoDaddy, or anyone else, and does not allege why any such statement was false.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Smith v. Airbnb, Inc.*, No. CV-23-02541-PHX-SMM, 2024 U.S. Dist. LEXIS 229449, at *3 (D. Ariz. Dec. 18, 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim fails when it rests on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.* "Threadbare recitals of the elements of a cause [of] action, supported by mere conclusory statements, do not suffice." *Id.* The Court need not credit a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). And legal conclusions "cast in the form of factual allegations" receive no such presumption. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017) (internal quotation omitted). Because most of Mira's counts rest on labels rather than facts, they cannot survive.

## III. ARGUMENT

### A. Count II Fails Because Mira Pleads Neither a Knowing, Material Misrepresentation Nor Causation.

Count II is captioned "reverse domain name hijacking" and invokes both § 1114(2)(D)(iv) and § 1114(2)(D)(v). (Compl. ¶¶ 43–46.) Those subsections state "two separate violations" with different elements. *Dent v. Lotto Sport Italia S.p.A.*, No. CV-17-00651-PHX-ROS, 2018 U.S. Dist. LEXIS 23415, at *5 (D. Ariz. Feb. 12, 2018). Only § 1114(2)(D)(iv) imposes affirmative liability on a mark owner, and Mira pleads none of its elements.

1. Section 1114(2)(D)(iv) reaches only a knowing, material misrepresentation about identity, confusing similarity, or dilution.

A claim under § 1114(2)(D)(iv) requires that the defendant "(1) made a 'knowing and material misrepresentation . . . that a domain name is identical to, confusingly similar to, or dilutive of a mark' and (2) this misrepresentation caused a registration authority to transfer, disable, or cancel the domain name." *IFIXITUSA LLC v. iFixit Corp.*, No. CV-21-00887-PHX-DGC, 2022 U.S. Dist. LEXIS 105137, at *15 (D. Ariz. June 13, 2022) (quoting *Shenzhen Big Mouth Techs. Co. v. Factory Direct Wholesale, LLC*, No. 21-cv-09545-RS, 2022 U.S. Dist. LEXIS 63453, at *7 (N.D. Cal. Apr. 5, 2022)). The provision is narrow: it covers "only misrepresentations about whether the domain name is identical to, confusingly similar to, or dilutive of a mark." *Dent*, 2018 U.S. Dist. LEXIS 23415, at *6. A misrepresentation about the registrant's intent is not enough. *Id.*; *see also Baklan v. All Answers Ltd.*, No. CV-20-00707-PHX-JZB, 2020 U.S. Dist. LEXIS 190625, at *7 (D. Ariz. Oct. 14, 2020).

2. The Complaint identifies no qualifying misrepresentation.

Count II does not identify a single statement Temco made to the WIPO panel, to GoDaddy, or to anyone else—let alone the speaker, date, content, or falsity of such a statement, or any fact showing Temco knew it to be false. It pleads only the text of the two statutory subsections and the conclusion that Mira's registration and use "was not unlawful." (Compl. ¶¶ 44–46.) That is precisely the pleading that *Dent* and *Baklan* held insufficient. In *Dent*, the only misrepresentation alleged concerned the registrant's intent, which was "insufficient to state a claim for relief for fraud in the domain dispute proceeding." *Dent*, 2018 U.S. Dist. LEXIS 23415, at *6. In *Baklan*, the contention that the mark owner had presented an invalid trademark failed because the plaintiff pleaded no facts showing "what information Defendant provided to the UDRP panel" and "merely raise[d] the possibility" of a misrepresentation, a possibility "insufficient to meet the requirements set forth in *Iqbal*." *Baklan*, 2020 U.S. Dist. LEXIS 190625, at *8. Mira pleads even less: not a false statement about intent or validity, but no statement at all.

3. The Complaint pleads no causation.

Even a well-pleaded misrepresentation would not suffice, because § 1114(2)(D)(iv) "includes a causation requirement. The transfer must be 'based on' the knowing and material misrepresentation." *IFIXITUSA*, 2022 U.S. Dist. LEXIS 105137, at *16 (quoting *ISystems v. Spark Networks Ltd.*, No. 3:08-CV-1175-N, 2014 U.S. Dist. LEXIS 203656, 2014 WL 12714837, at *4 (N.D. Tex. Sept. 19, 2014)). The Complaint alleges only that the WIPO panel issued a transfer decision and that GoDaddy transferred the domain "based on instructions by the Defendant" following that decision. (Compl. ¶ 19.) Nowhere does it allege that the panel relied on any false statement, or that GoDaddy acted because of one. *IFIXITUSA* dismissed a § 1114(2)(D)(iv) claim on this defect even though the plaintiff alleged specific misstatements and a fabricated receipt, because the complaint never alleged that "the WIPO decision to transfer the domain names to Defendant was based on the alleged misrepresentations." *IFIXITUSA*, 2022 U.S. Dist. LEXIS 105137, at *16. A registrant's "burden in pleading a reverse domain name hijacking claim is to establish that WIPO's poor decision was made based on Defendant's knowing and material misrepresentation." *Baklan*, 2020 U.S. Dist. LEXIS 190625, at *9. Here, Mira identifies no statement at all, which is fatal to Mira's claim.

4. Mira states no affirmative Section 1125(d) claim against Temco.

Count II also invokes § 1125(d). But § 1125(d)(1) creates liability for the bad-faith registration, trafficking in, or use of a domain name that is identical or confusingly similar to another's distinctive mark. Mira does not, and could not, allege that Temco registered, trafficked in, or used a domain name confusingly similar to a Mira mark. At most, § 1125(d) supplies the substantive standard by which the Court measures Mira's own conduct under the surviving § 1114(2)(D)(v) declaration; unlawfulness under § 1114(2)(D)(v) refers only to § 1125(d)(1) and not the entire Lanham Act. *IFIXITUSA*, 2022 U.S. Dist. LEXIS 105137, at *14 (citing *Ricks v. BMEzine.com, LLC*, 727 F. Supp. 2d 936, 959-60 (D. Nev. 2010)).

Count II should be dismissed.

**B. Count I Should Proceed, If at All, Only as the Narrow Section 1114(2)(D)(v) Declaration, and Its Section 1125(a) Theory and Unsupported Remedies Should Be Dismissed or Stricken.**

1. Only the Section 1114(2)(D)(v) declaration is properly pleaded.

Section 1114(2)(D)(v) permits "[a] domain name registrant whose domain name has been suspended, disabled, or transferred" to seek a declaration that "the registration or use of the domain name . . . is not unlawful," and authorizes injunctive relief "including the reactivation of the domain name or transfer of the domain name . . . to the domain name registrant." 15 U.S.C. § 1114(2)(D)(v). This is a de novo federal avenue in which the WIPO ruling receives "no deference." *Dent*, 2018 U.S. Dist. LEXIS 23415, at *7. A completed or imminent UDRP transfer creates a live controversy for the claim. *Baklan*, 2020 U.S. Dist. LEXIS 190625, at *5–6. Temco does not seek dismissal of this core statutory claim; a registrant may sometimes allege the absence of bad faith without extensive detail. See *IFIXITUSA*, 2022 U.S. Dist. LEXIS 105137, at *8–11. The Court should, however, confine Count I to what the statute authorizes: a declaration whether Mira's registration or use of temco.com violated § 1125(d), together with any equitable relief that follows.

2. Any freestanding Section 1125(a) theory should be dismissed.

Count I also cites § 1125(a), but it pleads no ordinary Lanham Act claim. It identifies no commercial speech by Temco, no false designation of origin, and no false or misleading representation. Rather only a neutral GoDaddy "For Sale" page that Mira "does not exercise any control over," and denials that Mira confused consumers or used "Temco Industrial." (Compl. ¶¶ 9, 20–22.) Because unlawfulness under § 1114(2)(D)(v) "refers only to § 1125(d)(1) . . . and not the entire Lanham Act," *IFIXITUSA*, 2022 U.S. Dist. LEXIS 105137, at *14, the § 1125(a) reference adds nothing to Count I. It should be dismissed, or Mira should be required to confine Count I to the § 1114(2)(D)(v) declaration.

3. The statutory-damages and exceptional-case-fee demands are unavailable on the pleaded facts.

Statutory damages under § 1117(d) are available only for a violation of § 1125(d)(1). Mira pleads the opposite posture that its own registration and use did not violate § 1125(d). (Compl. ¶¶ 23, 46.) Having pleaded no § 1125(d)(1) claim against Temco, Mira cannot recover § 1117(d) statutory damages, and its demand for them (Compl. ¶ 42) should be dismissed or stricken as a matter of law. The exceptional-case fee demand fares no better. The Complaint's sole allegation is that "Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a)." (*Id.* ¶ 41.) That is a legal conclusion, unsupported by any allegation of any "act" that would support such a claim. The demand should be dismissed.

**C. Count III Fails to State a Claim for Unjust Enrichment.**

1. Arizona makes the absence of justification and the absence of a legal remedy essential elements.

To state an unjust-enrichment claim under Arizona law, a plaintiff must plead "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) the absence of justification for the enrichment and the impoverishment; [and] (5) the absence of a legal remedy." *Trustmark Ins. Co. v. Bank One, Ariz., N.A.*, 202 Ariz. 535, 541 ¶ 31, 48 P.3d 485, 491 (Ct. App. 2002); accord *Freeman v. Sorchych*, 226 Ariz. 242, 251 ¶ 27, 245 P.3d 927, 936 (Ct. App. 2011); *Wang Elec., Inc. v. Smoke Tree Resort, LLC*, 230 Ariz. 314, 318 ¶ 10, 283 P.3d 45, 48 (Ct. App. 2012). Federal courts in this District apply the same five elements. *OptoLum, Inc. v. Cree, Inc.*, 244 F. Supp. 3d 1005, 1013 (D. Ariz. 2017). The fourth and fifth elements are substantive limits, not boxes to check. Restitution is warranted only where "a party has received a benefit at another's expense and, in good conscience, the benefitted party should compensate the other." *Wang Elec.*, 230 Ariz. at 318 ¶ 10, 283 P.3d at 49. Mira's allegations satisfy neither limit.

2. Mira does not plausibly allege the absence of justification.

Count III alleges only that Mira's use of the domain "was not done in bad faith" and that "there is no legal justification under the Lanham Act for the transfer." (Compl. ¶ 51.) Those are conclusions, and the Complaint's own incorporated allegations refute them. Mira pleads that

GoDaddy locked temco.com pursuant to the UDRP and transferred it only after the WIPO panel ordered the transfer (Compl. ¶¶ 18–19), and the attached decision found that Mira lacked any right or legitimate interest and acted in bad faith (Ex. A). But the existence of a properly-initiated UDRP proceeding is the deficiency that doomed the unjust-enrichment claim in *Smith v. Airbnb*, another decision of this Court arising from a post-UDRP domain transfer. There, the court dismissed the claim because the plaintiff had "not plead a claim that plausibly asserts that the transfer of the domain is not justified under the law," and without that showing the plaintiff could not satisfy the "absence of justification for the enrichment" element. *Smith*, 2024 U.S. Dist. LEXIS 229449, at *13–14. The same defect is fatal here. Mira pleads no nonconclusory facts showing that Temco's retention is unjust or that the statutory remedy it affirmatively invokes is inadequate.

Arizona law confirms the point. Unjust enrichment "must rest not only in the loss to the [plaintiff], but also in the conduct of the [defendant]"; the plaintiff must show that the defendant "engaged in some form of improper, deceitful, or misleading conduct" that makes retention inequitable. *Wang Elec.*, 230 Ariz. at 319–20 ¶¶ 14, 17, 283 P.3d at 50–51 (internal quotation omitted). Mira pleads no such conduct. It pleads a UDRP proceeding, a reasoned panel decision, and a registrar transfer effected pursuant to that decision. That Temco received a valuable domain without "paying Plaintiff . . . any compensation" (Compl. ¶ 33) does no more than restate Mira's disagreement with the transfer; it does not allege facts making Temco's retention unjust.

3. <u>Mira also fails to plead the absence of a legal remedy.</u>

The claim independently fails because Mira affirmatively pleads that a legal remedy exists and pursues it. In Counts I and II, Mira invokes the ACPA and demands the very relief Count III seeks: a declaration that its registration and use were lawful, and an order reactivating or returning temco.com. (Compl. ¶¶ 39, 45.) Section 1114(2)(D)(v) supplies exactly that statutory remedy for exactly this injury. Arizona forecloses resort to equity in such circumstances: where a governing legal framework provides the remedy for the challenged

conduct, "the doctrine of unjust enrichment has no application." *Brooks v. Valley Nat'l Bank*, 113 Ariz. 169, 174, 548 P.2d 1166, 1171 (1976), quoted in *Trustmark*, 202 Ariz. at 542 ¶ 34, 48 P.3d at 492. Just as the governing contract displaced the unjust-enrichment claim in *Trustmark*, Mira's tailored statutory remedy, against the same party, for the same loss, displaces any quasi-contractual claim here. See *Loiselle v. Cosas Mgmt. Grp., LLC*, 224 Ariz. 207, 211 ¶ 14, 228 P.3d 943, 947 (Ct. App. 2010) (the required legal remedy "must exist against the same person from whom relief in equity is sought").

Mira cannot avoid this result by invoking alternative pleading. Alternative pleading permits inconsistent theories but it does not excuse pleading the elements of the alternative claim. Mira alleges no uncertainty about the availability of the ACPA remedy as it embraces that remedy in Count I. As *Smith* confirms, a post-UDRP registrant who challenges the transfer statutorily cannot also maintain an unjust-enrichment claim resting on the same alleged wrong. *Smith*, 2024 U.S. Dist. LEXIS 229449, at *14.

4. The speculative appraisal does not supply the missing connection.

Finally, Count III pleads no plausible restitutionary measure. Mira acquired temco.com for $12,540, relies on an online appraisal estimating its value at roughly $110,500, and seeks $110,000. (Compl. ¶¶ 9, 49, 53; Ex. B.) But the appraisal itself cautions that "AI-based valuations may not always be accurate" and reports "[n]o comparable sales data." (Ex. B.) Count III alleges no actual sale, no revenue realized by Temco, and no transaction in which Mira conferred a $110,000 benefit on Temco. A speculative valuation of a disputed asset that changed hands through a registrar does not establish that Temco was enriched in that amount at Mira's expense. See *Freeman*, 226 Ariz. at 251–52 ¶ 27, 245 P.3d at 936–37 (mere receipt of a benefit is insufficient absent a showing that it was conferred to the plaintiff's detriment); see also *Top Brand LLC v. Cozy Comfort Co. LLC*, No. CV-21-00597-PHX-SPL, 2021 WL 3666293, at *2 (D. Ariz. Aug. 18, 2021) (unjust enrichment requires that the benefit have been received at the impoverished party's expense). Because the deficiency flows from the Complaint's own incorporated facts and its invocation of the ACPA, amendment would be

futile, and Count III should be dismissed. See *Smith*, 2024 U.S. Dist. LEXIS 229449, at *14 (denying leave on materially identical allegations).

**D. Counts IV and V Fail Because Arizona Does Not Recognize Conversion of a Domain Name and Mira Fails to Plead Cognizable Interference.**

Count IV (conversion) and Count V (trespass to chattel) rise and fall together. Both are Restatement torts that Arizona has adopted, and both protect one interest: a possessor's dominion over a chattel. Conversion requires an interference so serious that the defendant "may justly be required to pay the other the full value of the chattel." *Focal Point, Inc. v. U-Haul Co. of Ariz.*, 155 Ariz. 318, 319, 746 P.2d 488, 489 (Ct. App. 1986) (quoting Restatement (Second) of Torts § 222A(1)). Trespass to chattel is the lesser wrong: "intentionally dispossessing another of the chattel or using or intermeddling with a chattel in the possession of another." *Koepnick v. Sears, Roebuck & Co.*, 158 Ariz. 322, 330–31, 762 P.2d 609, 617–18 (Ct. App. 1988) (quoting Restatement (Second) of Torts § 217). The two torts "differ . . . mainly in degree." *McAlister v. Loeb & Loeb, LLP*, No. 1 CA-CV 23-0212, 2024 Ariz. App. Unpub. LEXIS 94, ¶ 40 (Ct. App. Feb. 1, 2024) (quoting Restatement (Second) of Torts § 222A cmt. a), review denied (Ariz. Nov. 6, 2024). That difference in degree is the only one between the two torts, and it is immaterial to this Motion. Both counts fail for failing to plead any unlawful interference with any personal property recognized under Arizona law.

1. <u>Arizona confines both torts to chattels and to intangible rights merged in a document.</u>

Arizona follows the Restatement for both torts. See *Koepnick*, 158 Ariz. at 330, 762 P.2d at 617 ("Arizona courts follow the Restatement (Second) of Torts absent authority to the contrary."); *Focal Point*, 155 Ariz. at 319, 746 P.2d at 489 (adopting the § 222A definition as "a correct summation of Arizona law"). The object of either tort must therefore be tangible personal property or "intangible property that is merged in, or identified with, some document"—for instance, "a stock certificate or an insurance policy." *Miller v. Hehlen*, 209 Ariz. 462, 472, 104 P.3d 193, ¶ 35 (Ct. App. 2005); *accord Hao v. GoDaddy.com LLC*, No.

CV-22-01709-PHX-DLR, 2023 U.S. Dist. LEXIS 72042, at *3 (D. Ariz. Apr. 25, 2023). Both Arizona decisions arose from interference with a tangible chattel and neither extended these torts to an unmerged intangible. *Focal Point*, 155 Ariz. at 319, 746 P.2d at 489; *Koepnick*, 158 Ariz. at 331, 762 P.2d at 618.

2. Controlling District of Arizona authority forecloses Counts IV and V.

*Hao* and *ENS Labs* are directly on point. Applying Arizona's adherence to the Restatement, *Hao* held that a domain name "is intangible property that cannot be the object of a conversion claim." *Hao*, 2023 U.S. Dist. LEXIS 72042, at *3–4. And in *ENS Labs*, the court dismissed a domain-name conversion claim with prejudice, holding that "Arizona has not recognized a common law action for conversion in these circumstances." *ENS Labs Ltd. v. GoDaddy Inc.*, No. CV-22-01494-PHX-JJT, 2023 U.S. Dist. LEXIS 128492, at *22 (D. Ariz. July 24, 2023). Those decisions address the asset alleged here, an internet domain name, and the precise theory Mira pleads. Mira alleges only that Temco "caused a domain name registrar to modify ICANN records" to change the domain's ownership. (Compl. ¶¶ 55–56, 65.) But an ICANN record is not a document in which Mira's asserted property interest is merged. It is the very intangible-property theory *Hao* and *ENS Labs* rejected.

3. *McAlister* does not broaden Arizona tort law to reach an unmerged domain name.

Mira may invoke *McAlister v. Loeb & Loeb, LLP*, No. 1 CA-CV 23-0212, 2024 Ariz. App. Unpub. LEXIS 94, ¶ 40 (Ct. App. Feb. 1, 2024) to suggest that Arizona is expanding the intangible interests these torts protect. It does not carry that weight. *McAlister* did not hold that every intangible or electronically recorded interest is convertible. In fact, it maintains the analysis through Arizona's merger doctrine, the same rule *Hao* applied. The court reaffirmed that trespass to chattels may reach "intangible property that is merged in, or identified with, some document." *Id.* ¶ 40 (quoting *Miller*, 209 Ariz. at 472). All *McAlister* does is reinforce the unremarkable point that personal property, once established as personal property, can be interfered with through digital means. The Arizona Court of Appeals was explicit in its holding

of finding that "[w]e hold that in the modern digitized world, electronic touching may suffice" and proceeded to cite to other jurisdiction cases on spam emails and hacking. This Court has already applied *McAlister* in this manner. *See Hamka v. Ramirez*, No. CV 25-00593 PHX DJH (CDB), 2025 U.S. Dist. LEXIS 60524, at *38 (D. Ariz. Mar. 28, 2025) (applying *McAlister* to money in a bank account).

Nothing in *McAlister* changes this Court's decisions in *Hao* and *ENS Labs* which squarely hold that a domain name is not property Arizona conversion law protects. Even then, Mira alleges no comparable factual allegation that Temco has unlawfully "touched" any personal property allegedly belonging to Mira. Instead, the Complaint pleads that the temco.com domain was transferred pursuant to a lawfully-filed UDRP proceeding. Compl. ¶¶ 63–65. Mira's claim still fails under this nonprecedential decision. *See* Ariz. R. Sup. Ct. 111(c).

4. <u>Independently, both counts plead no intentional interference distinct from the UDRP-directed transfer.</u>

Even if a domain name could support these torts, Counts IV and V would still fail, because they allege no intentional wrong distinct from the transfer itself. Both counts recite the same facts: that Temco caused temco.com "to be removed from Plaintiff's possession" by causing a registrar to "modify ICANN records" after the UDRP panel ordered the transfer. (Compl. ¶¶ 55–57, 63–66.) That is the registrar's implementation of the UDRP process rather than the intentional exercise of "dominion or control" over a chattel that conversion requires, *Focal Point*, 155 Ariz. at 319, 746 P.2d at 489, nor the intentional dispossession or intermeddling that trespass to chattel requires, *Koepnick*, 158 Ariz. at 330–31, 762 P.2d at 617–18. Mira pleads no act by Temco beyond pursuing the transfer to which the panel found it entitled, and no wrongful conduct beyond the conclusory assertion that Temco "knew, or should have known," that Mira's use was lawful. (Compl. ¶¶ 59–60, 68–69.) Those conclusions do not state a claim.

Counts IV and V should be dismissed.

**E. Mira's Punitive-Damages Demands Should Be Dismissed or Stricken.**

Arizona reserves punitive damages for conduct beyond the elements of the underlying tort: the plaintiff must allege an "evil mind" and aggravated, outrageous conduct. See *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 723 P.2d 675 (1986). Mira alleges only that Temco "knew, or should have known," that Mira was not infringing and is a domain-name investor. (Compl. ¶¶ 59–60, 68–69.) A "knew or should have known" allegation sounds in negligence; it is not an allegation of conscious wrongdoing or an evil mind. The demand is further untethered from any pleaded basis by an obvious drafting error: the Complaint asks the Court to "award punitive damages against Plaintiff." (Compl. ¶¶ 61, 70 (emphasis added).) The punitive-damages demand should be dismissed under Rule 12(b)(6) or stricken under Rule 12(f).

## IV. CONCLUSION

For the foregoing reasons, Temco respectfully requests that the Court: (1) dismiss Counts II-V; (2) dismiss or strike from Count I the freestanding § 1125(a) theory, the § 1117(d) statutory-damages demand, the § 1117(a) exceptional-case-fee demand, and the punitive-damages demand; and (3) permit Count I to proceed, if at all, only as a claim under 15 U.S.C. § 1114(2)(D)(v) for a declaration whether Mira's registration or use of temco.com violated § 1125(d), together with any statutory equitable relief that follows.

DATED this 2nd day of September 2026.

**BYCER & MARION**

By: */s/Michael B. Marion*
Michael B. Marion, AZ Bar No. 035627
Matthew L. Bycer, AZ Bar No. 025391
7220 N. 16th St., Suite H
Phoenix, AZ 85020
(602) 944-2277
michael@bycermarion.com
matt@bycermarion.com
*Attorneys for Defendant Temco Industrial, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 2nd day of September 2026, a correct copy of the foregoing motion was electronically transmitted for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.

*/s/ Michael B. Marion*